IN THE

# SUPREME JUDICIAL COURT,

IN THE COUNTIES OF

## WASHINGTON AND AROOSTOOK.

ARGUED AT JULY TERM, 1846.

---

### SOLOMON M. FOSTER *versus* REUBEN ORDWAY.

By the provisions of Rev. St. c. 96, § 16, as amended by st. 1842, c. 31, § 8, where the plaintiff brings his action, not coming within the excepted cases, originally in this Court, and does not " recover more than two hundred dollars damage," he cannot recover costs, although the amount was reduced below that sum in consequence of the allowance to the defendant by the jury of an account filed by him in set-off.

ASSUMPSIT. The action was originally commenced in this Court. The defendant filed an account in set-off. At the trial before TENNEY J. the jury returned a verdict for the plaintiff for one hundred and ninety-one dollars and ninety-one cents. It was admitted that the verdict would have exceeded two hundred dollars, had not the jury allowed a sum to the defendant on his account filed in set-off, as a sum due from the plaintiff to the defendant, and not received in part payment of the plaintiff's claim.

Thereupon the defendant moved, that the plaintiff should not be allowed costs. The presiding Judge decided that the plaintiff was entitled to costs, and allowed the same, in the same manner as if the verdict had exceeded two hundred dollars.

To this decision the defendant excepted.

*Hobbs,* for the defendant, said that the Rev. St. c. 96, § 16, as amended by st. of 1842, c. 31, § 8, — Rev. St. c. 97, § 15, — and Rev. St. c. 115, § 99, — contained all the provisions of the law which could have any bearing on this subject. The first statute, as amended, is positive that the plaintiff shall not recover costs in such case as this, unless he recovers more than two hundred dollars. St. c. 97, § 15, applies only to actions commenced in the District Court and carried by appeal to this Court. The st. c. 115, § 99, applies only to cases in the District Court, where the damages are reduced below twenty dollars by the filing of a set-off, and there the jury must find, that it was so reduced, or the plaintiff will not be entitled to costs. The statute, c. 96, as amended, is imperative that no costs shall be allowed to the plaintiff, where he brings his action originally in this Court, save in the excepted cases, unless he recovers more than two hundred dollars.

*Hayden,* for the plaintiff, said that the language of the statute of 1821, c. 59, § 30, and Rev. St. c. 96, § 16, as amended by the act of 1842, was precisely the same. And no more provision, in case of a reduction by filing a set-off, is made in the one statute than in the other. It has been decided by this Court, that under the st. of 1821, where the damages are reduced by a set-off, that the plaintiff is entitled to recover his costs. *Hathorn* v. *Cate,* 5 Greenl. 74.

The opinion of the Court was drawn up by

SHEPLEY J. — The question presented in this case is one of costs, arising under the provisions of the statute c. 96, § 16, as amended by the act of 1842, c. 31, § 8. That amendment declares, that "if in any civil action originally commenced before the Supreme Judicial Court, except actions of replevin, trespass on lands, actions by or against towns, writs of dower, and real actions, the plaintiff shall not recover more than two hundred dollars damage, he shall not recover costs." This action not being embraced by the exception, the plaintiff is prohibited from the recovery of costs, unles an exception not

found in the language, can be admitted by a construction of it. It was provided by a former statute, c. 59, § 30, if the plaintiff should not recover more than twenty dollars debt or damage in an action originally commenced before the Court of Common Pleas, that he should recover only one quarter part of the damage as costs. If the instruction had been such as to make it applicable to all cases included by the language, the result would have been, that a person who had an account or claim against another to much greater amount than twenty dollars, and which was liable to be reduced below that sum by one filed in set-off, if he commenced a suit upon it before a justice of the peace, must lose the amount over twenty dollars, if the opposing claim was not filed in set-off; and if he commenced his suit before the Court, and such claim was filed in set-off, thereby reducing the damages to twenty dollars, he would lose his costs. It was therefore decided, that the act of Massachusetts, passed in the year 1807, containing a similar provision, was not designed to apply to such cases. And this Court, in the case of *Hathorn* v. *Cate,* 5 Greenl. 74, decided, that the legislature of this State, by "adopting the statute, undoubtedly intended to adopt its well known and received construction." But when, upon the reenactment of a statute, the legislature makes a special provision respecting the class of cases exempted by such construction from the operation of the statute, the intention to adopt, by the use of the same or similar language, the former construction, is distinctly negatived by the enactment of such special provision. The legislature made a special provision for the class of cases referred to by c. 115, § 99, of the Revised Statutes. This case, however, does not arise under that provision, but under the eighth section of the act of 1842. The reasons for making an exception by a construction of the language of the statute c. 59, § 30, as before stated, do not exist, or require a similar construction to be made of the section now under consideration. There is no such mischief to be provided against by it. A party may in all cases, when it is possible, that a claim may be filed in set-off, commence his action in the District Court, without being sub-

jected to inconvenience or loss, and have the benefit of the special provision contained in c. 115, § 99. There was no judicial construction adopted by its enactment. And no continued practice under it calling for such a construction to sustain it. When the general language of a statute may operate without occasioning inconvenience or injury to any one, unless he unnecessarily and voluntarily places himself in a position to receive it, it should not be limited or varied by a judicial construction. There can in such case be no sufficient reason for it, or for a conclusion, that the legislature did not intend, that the language should operate upon all cases embraced by it without any exception. There is another reason, why no such exception should be made by construction. It is provided by c. 97, § 15, that when an appeal is made to this Court of certain actions from a judgment on demurrer, with an agreement to waive the pleadings, and the plaintiff shall not recover more than two hundred dollars damage, he shall not recover but pay costs after the appeal. It is well known, that a partial or more full trial often takes place by which the parties become fully informed of each other's claims, before the demurrer is made and joined. If the case be one, in which an account has been filed in set-off, and the plaintiff should by reason of its allowance fail to recover two hundred dollars damages in this Court, he could not recover but must pay the costs after the appeal. And such must have been the intention, for that provision was designed to prevent appeals without subjecting the plaintiff to that risk in costs in all cases, where it could be perceived, that there might not be a recovery of damages exceeding two hundred dollars. And if such a construction should be made of the eighth section of the act of 1842, as the plaintiff desires, it would operate as an encouragement to bring all such actions originally into this Court without regard to the amount of damages expected to be recovered, contrary to the intention of the legislature to discourage it in all cases, where the plaintiff was not clearly entitled to recover more than two hundred dollars. Under such a construction in connexion with the provisions of c. 115,

§ 99, a person might commence a suit in this Court on a large account with a knowledge that he had no just reason to expect to recover more than ten or fifteen dollars, because the defendant had an account in offset and every inducement to file it, thus occupying the time of this Court in a protracted investigation of large and long continued accounts to ascertain a trifling balance, contrary to the clearly exhibited intention of the legislature.

There were found to be serious inconveniences in the administration of the law respecting costs in such cases, after the exception was admitted by a construction of the former act. There was no mode provided for ascertaining satisfactorily, whether the damages were reduced to a sum less than twenty dollars, by an allowance of part of the claim filed in set-off, or by a disallowance of some item claimed by the plaintiff. The legislature provided a remedy by the special provision before named. If it had intended, that such an exception should exist in the eighth section of the act of 1842, it can scarcely be believed, that it would not have made it by a special provision, instead of reviving the former practical inconveniences by neglecting to do it.

*Exceptions sustained, and costs refused.*